Janice L. BUSTIN, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1252.

United States Court of Veterans Appeals.

May 21, 1992.

Before KRAMER, Associate Judge.

MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant, seeking Dependency and Indemnity Compensation under 38 U.S.C. § 1310 (formerly § 310), appeals a March 16, 1990, decision of the Board of Veterans' Appeals (BVA) denying her spouse, a deceased veteran, entitlement to service connection for the cause of his death. The Court affirms.

## I.

### *Factual Background*

The veteran served on active duty from June 1940 to July 1947. R. at 109. The record on appeal indicates that the veteran, who died in October 1988, had jaundice of unknown origin once during service, did not have a diagnosis of hepatitis during service, and was not service-connected for any condition. R. at 84, 116–17; Supplemental Record (S.R.) at 1. (Jaundice is defined as "a syndrome characterized by ... deposition of bile pigment in the skin, mucous membranes and sclera with resulting yellow appearance of the skin." Dorland's Illustrated Medical Dictionary 865 (27th ed. 1988).) At an undetermined time subsequent to service, it was discovered, during surgery for bleeding diverticulitis of his colon, that the veteran had cirrhosis of the liver. R. at 129. The veteran's death certificate indicates that his death resulted from senile dementia caused by multiple small cerebral vascular accidents (MCVA) and that no autopsy had been performed. S.R. at 1. On March 29, 1989, Dr. Palmer J. Texada, a private physician, opined regarding the cause of the veteran's death that "if the [MCVA the veteran] had was due to bleeding into the brain then possibly the cirrhosis *could* be a factor. If his [MCVA] was due to a blood clot in the brain then it would be unlikely that the cirrhosis would be a factor." R. at 127 (emphasis added). On April 13, 1989, Dr. Thomas W. Davis, a private physician, stated:

> [The veteran] had hepatitis while in the service and it was thought that his cirrhosis was *probably due* to that ... I feel that there is good reason to think that the cirrhosis, which he suffered, was due to the hepatitis he had in the service. *I am unable to make any comment as to the relationship of that to his stroke and his subsequent death.*

R. at 129 (emphasis added). The record does not contain any evidence causally linking the veteran's one episode of jaundice in service with the hepatitis that Dr. Davis mentions in his April 1989 letter.

The BVA determined in relevant part:

> Although it is conceded that there may have been some form of liver disorder in service, a liver disorder was not in any way implicated in the veteran's death which was due solely to cerebral vascular disease.... Although we sympathize with the appellant for the loss of her husband, in the absence of any medical evidence to show that cerebrovascular disease was present in service or shortly thereafter, the Board finds no reasonable basis upon which to award service connection for the cause of her husband's death.

> • • • • •

> The veteran was treated during service for jaundice, which may have been a manifestation of a liver disorder.

> A liver disorder was not a factor in the veteran's death.

**458**

*Janice L. Bustin,* BVA 90–12059, at 4–5 (Mar. 16, 1990).

In her appeal to the Court, appellant argues (1) that the BVA erred in concluding that "the liver disorder did not have anything to do with [the veteran's] death" and (2) that the case should be remanded for "additional medical evidence" under the duty to assist requirement because appellant has presented a plausible, hence, well-grounded claim. Appellant's Br. at 3.

## II.

### Analysis

■ In order for a claim for service connection for the cause of the veteran's death to be well-grounded, there must be evidence showing a linkage between the veteran's in-service jaundice and the ultimate cause of his death from MCVA. *Cf. Rabideau v. Derwinski,* 2 Vet.App. 141, 144 (1992) (appellant does not present a plausible claim, triggering the duty to assist, where, without any present diagnosis of hypertension and without any evidence linking hypertension to stroke, he alleges that sporadic high blood pressure readings in service led to hypertension which, in turn, caused his stroke).

■ The only evidence that relates to causal connection are the statements that Dr. Davis and Dr. Texada submitted subsequent to the veteran's death. R. at 127, 129. Dr. Davis asserted that the veteran had hepatitis in service that probably caused his cirrhosis, but he was unable to comment on the relationship of cirrhosis to the cause of the veteran's death from MCVA. Dr. Texada stated that cirrhosis of the liver may have been a factor in the veteran's death if the MCVA was caused by bleeding and not by blood clotting.

The Court agrees with appellant that, based upon Dr. Texada's statement, the BVA erred in categorically discounting the possibility that a liver disorder may have been implicated in the veteran's death. In addition, the BVA erred in its assertion that in order to award service connection, MCVA must have been present in service or shortly thereafter. All that is required

is a sufficient showing of linkage between the in-service jaundice and MCVA. The lapse of time may be a factor in the determination but it is not conclusive. 38 U.S.C. §§ 1310 (formerly § 1110), 101(16), 1110 (formerly § 310); 38 C.F.R. §§ 3.303, 3.304, 3.310, 3.312, 3.102 (1991). Nevertheless, based on the analysis stated below, because appellant has failed to establish a well-grounded claim, these errors are harmless. 38 U.S.C. § 7261(b) (formerly § 4261(b)).

Viewing the evidence of record in the light most favorable to appellant, the most that it shows is that hepatitis *probably* caused cirrhosis which, in turn, *may* have been a factor in the MCVA. There is no evidence, however, to show any probable causal nexus between the in-service jaundice documented at page 84 of the record, and the hepatitis that Dr. Davis referenced in his statement. There is nothing in the record to indicate that Dr. Davis had any actual knowledge regarding the veteran's in-service condition. Dr. Davis simply stated, more than 40 years after the event, that the veteran had hepatitis in service. Nothing in his 1989 letter indicates any previous involvement with the in-service condition. Hence, it can only be concluded, that, the veteran had jaundice in service. Consequently, despite these two doctors statements, there is no evidence creating a possible link between the one bout of jaundice in 1947 and the veteran's death from MCVA in 1988. Because of the absence of this linkage, appellant's claim is not well-grounded and the duty to assist is not triggered. *Rabideau,* 2 Vet.App. at 144.

## III.

### Conclusion

The Court holds that the decision of the BVA contains neither factual nor legal error which would warrant reversal. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). Summary disposition is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

Therefore, the motion of the Secretary of Veterans Affairs for summary affirmance

is granted and the decision of the BVA is AFFIRMED.